IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JONATHAN DEWAYNE PHILLIPS                                              PLAINTIFF

v.                       Civil No. 3:25-cv-03002-CDC

JAIL ADMINISTRATOR HETTIE PARKER,
Searcy County Jail                                                      DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jonathan D. Phillips ("Phillips"), an inmate of the Searcy County Jail, filed this civil rights action under 42 U.S.C. § 1983. Phillips proceeds *pro se* and *in forma pauperis* ("IFP").

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Phillips' claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

According to the allegations of the Complaint, Phillips is incarcerated in the Searcy County Jail awaiting transport to the Arkansas Division of Correction. (ECF No. 2 at 3). On November

1

4, 2024, Phillips indicates he wrote a letter to "SOCNA[1]" asking to be taken off the sex offender registry since it had been twenty-three years and he had not re-offended. *Id.* at 4. Phillips indicates that after fifteen years you can ask to be removed from the registry. *Id.*

Phillips alleges Defendant Parker read the letter and asked him over the intercom what SOCNA was. (ECF No. 2 at 4). Phillips responded telling Defendant Parker it was the sex offender registry place. *Id.* Defendant Parker then asked if he was a sex offender. *Id.* Phillips states that after reading his mail she should have known he was. *Id.* Instead of pulling him out for a private conversation, Defendant Parker asked him over the intercom in the hearing of eight inmates. *Id.* One of the inmates then submitted a grievance about Phillips. *Id.* Phillips was moved out of the pod on November 6, 2024. *Id.* After Defendant Parker looked up Phillips' charges and explained his charges to the eight inmates, they said they had no problem with Phillips and he was moved back into the pod.

## II.　APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully

---

[1] Sex Offender Community Notification Assessment.

pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Liberally construing the Complaint, the Court can discern three possible claims.  First, Phillips' right to privacy was violated by Defendant Parker exposing his status as a sex offender over the intercom.   Second, because of the disclosure, he was subjected to an unsafe environment and possible physical harm by other inmates.  Finally, his rights were violated when Defendant Parker inspected and read his correspondence.

**1. Right to Privacy**

In *Whalen v. Roe*, 429 U.S. 589, 599 (1977), the Supreme Court discussed a constitutionally protected "zone of privacy" involving two different kinds of interests.  *Id*., 429 U.S. at 598-599.  The first "is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Id*. at 599.

However, as pointed out by the Eighth Circuit in *Cooksey* "[n]ot every disclosure of personal information will implicate the constitutional right to privacy." *Cooksey v. Boyer*, 289

F.3d 513, 516 (8th Cir. 2002). The Eighth Circuit noted it had "consistently held that to violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." *Id.* (citations and internal quotation marks omitted). In *Dillard v. O'Kelley,* 961 F.3d 1048 (8th Cir. 2020), the Eighth Circuit held that the Supreme Court opinion in *NASA v. Nelson,* 562 U.S. 134 (2011), although it left unresolved that a right to privacy does exist, "confirmed that our court and other circuits erred in reading inconclusive statements in *Whalen* and *Nixon* [*v. Administrator of General Services,* 433 U.S. 425 (1977)] as Supreme Court recognition of a substantive due process right to informational privacy." *Dillard,* 961 F.3d at 1054. The Eighth Circuit noted the Supreme Court in its opinions had only assumed that the right to privacy existed. *Id. Dillard* calls into question whether a right to informational privacy exists even outside the prison context. *Jackson v. Ramsey Cty. Adult Det. Ctr.,* No. 21-cv-0929, 2022 WL 2374666, at *6 (D. Minn. May 28, 2022), report and recommendation adopted, No. 21-cv-929, 2022 WL 2374131 (D. Minn. June 30, 2022)

Assuming a constitutional right to privacy does exist, it is further circumscribed by incarceration. It has been held that although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Prisoners are "accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citation and internal quotation

4

marks omitted). To the extent prisoners have a limited right to privacy under the Fourteenth Amendment, it is constrained by reasonable prison policy.

Here, Phillips's status as a sex offender was disclosed to other inmates. Pursuant to the Arkansas Sex Offender Registration Act of 1997, Ark. Code Ann. §§ 12-12-901 *et seq.,* the sex offender registry is publicly available.[2] Criminal records are also publicly available.[3]

Since the disclosed information is available to non-incarcerated individuals, the Court does not believe the disclosure of Phillips' sex offender status constitutes a "shocking degradation or an egregious humiliation." No plausible invasion of privacy claim is stated.

Alternatively, the "exact boundaries of this right are, to say the least, unclear." *Dillard,* 961 F.3d at 1054 (quoting *Eagle v. Morgan,* 88 F.3d 620, 625 (8th Cir. 1996)). The "legal uncertainty surely means the alleged constitutional right to informational privacy is not 'beyond debate' in the Eighth Circuit" which would entitle Defendant Parker to qualified immunity. *Id.* (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011)).

### 2. Unsafe Environment/Failure to Protect

Prison officials must "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833.

To prevail on a failure to protect claim, Phillips must establish: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) prison officials were

---

[2] https://sexoffenderregistry.ar.gov/public/#/disclaimer?returnUrl=%2Flocation (last visited Feb. 3, 2025).

[3] https://caseinfonew.arcourts.gov/opad (last visited Feb. 3, 2025).

"deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).

The first prong is an objective requirement to ensure the deprivation of a constitutional right is sufficiently serious. *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010). "The deprivation is objectively, sufficiently serious, under the first requirement when the official's failure to protect resulted in the inmate being incarcerated under conditions posing a substantial risk of serious harm." *Id*. (cleaned up).

The second prong, however, is subjective, requiring Phillips to show the named official "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Holden*, 663 F.3d at 341 (quoting *Farmer*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007).

Here, even assuming Defendant Parker's identification of Phillips as a sex offender put him at substantial risk, it is clear Defendant Parker did not disregard the risk of harm. Instead, Phillips alleges she spoke with the other eight inmates and explained his charges. The inmates then stated they had no problem with Phillips and he was allowed back in the pod. Phillips does not allege he had any problems after he returned to the pod. Phillips has failed to state a plausible failure to protect claim.

### 3. Outgoing Personal Correspondence

In *Wolff v. McDonald,* 418 U.S. 529 (1974), the Supreme Court concluded that prison officials may open and inspect a prisoner's mail outside his presence unless the mail is privileged legal mail. Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (internal quotation marks and

citation omitted). Phillips' mail was not privileged legal mail. Defendant Parker was entitled to open and inspect Phillips' outgoing nonprivileged correspondence.

## IV.     CONCLUSION

For the reasons stated above, I recommend that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 3rd day of February 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE